*Opposed*—None.

IN THE MATTER OF JOHN J. EGAN,
AN ATTORNEY AT LAW.

Argued January 13, 1976—Decided February 11, 1976.

*Mr. Frederick C. Vonhof* argued the cause for the Essex County Ethics Committee.

Respondent made no appearance.

PER CURIAM. The present disciplinary proceedings were instituted in 1973 as the result of several complaints filed with the Essex County Ethics Committee.

Respondent, a member of the bar of this State, has been employed by the Essex County Welfare Board but also practiced law out of his home. His employment with the Welfare Board brought him in contact with people who sought

assistance from that agency, the Probation Office or the Domestic Relations Court. In several of the matters involved herein, it was shown that respondent would initiate a conversation and offer a solution to the person's problem by suggesting that respondent be retained to bring legal proceedings, usually a divorce suit.

The complaints, in essence, charged that respondent had been paid a retainer or fee in each matter but that he had failed to file suit as promised. Copies of the complaints were served on respondent but were not answered, nor did he attend the hearings before the Committee on such complaints although duly served with a subpoena *duces tecum*. As a result of the foregoing, the Committee filed a Presentment requesting that respondent be required to answer the complaints, appear before the Committee in response to the subpoena and produce the files and records requested. The Presentment also asked that respondent be forthwith suspended from the practice of law pending disposition of the charges against him. Based on the Presentment this Court issued its Order to Show Cause.

Respondent was served with a copy of the Order to Show Cause but did not appear on the return day, and did not communicate in any way with the Court. Consequently, an order was entered on May 21, 1974 suspending respondent from the practice of law effective immediately. A copy of this order was served on respondent.

In January 1975, still another complaint was filed against respondent by a Jerry Quatro alleging that he had retained respondent in October 1973 to bring divorce proceedings and had paid him $400 but that no suit was ever filed.

At a Committee hearing thereon, respondent appeared and submitted a handwritten answer to the complaint in which he admitted the facts set forth in the complaint and tendered a personal money order for $400 payable to his client representing the return of the fee he had received. Following the hearing, the Committee filed a second Presentment finding that respondent had failed to zealously represent Quatro and

had also failed to file a timely answer to the ethics complaint. On May 5, 1975, this Court entered a second order continuing respondent's suspension until the further order of the Court. A copy of this order was also served on respondent.

Following entry of the May 5, 1975 order four more complaints were filed with the Committee charging respondent with the same type of infraction. However, these complaints presented a more serious aspect in that the events alleged to have taken place occurred during the period when respondent was suspended from the practice of the law. For example, one complaint alleged that on October 27, 1974 (more than five months after respondent's initial suspension) the client had paid respondent $450 by check, to bring divorce proceedings on her behalf. No suit for divorce was ever filed and attempts by the client to communicate with respondent about her divorce were unproductive.

Copies of these complaints were served on respondent but were not answered. A formal hearing was then held before the Committee on July 23, 1975 on notice to respondent who again did not appear. The four complainants were present and verified the facts set forth in their written complaints. Three of them also testified that respondent had actually solicited the legal work involved.

On September 4, 1975 the Committee filed its third Presentment in this matter. Based on the record before it, including the testimony taken at the July 23, 1975 hearing, it found that

(a) Respondent failed to file answers to the complaints made against him contrary to R. 1:20–4(c);
(b) Respondent failed to attend before the Committee for formal hearing as required, R. 1:20–4(c);
(c) Respondent engaged in the practice of law contrary to and in violation of court orders restraining and enjoining him from the practice of law;
(d) Respondent did engage in conduct involving dishonesty, deceit and misrepresentation in illegally obtaining moneys for services which he well knew he would not and could not perform, which conduct was prejudicial to the administration

of justice, and which adversely reflected on his fitness to practice law. DR1–102(3)(4)(5)(6);

(e) Respondent did solicit his employment by and representation of the complainants contrary to and in violation of DR2–103(A) and DR2–104(A).

In light of these new and most serious findings of respondent's misconduct as an attorney, we issued another Order to Show Cause why respondent should not be disbarred or otherwise disciplined. The matter was adjourned at respondent's request and was finally set down for hearing on January 13, 1976. Respondent was given due notice of the adjourned date but did not appear or communicate with the Court in any way. He has since filed a written statement acknowledging that he received notice of the hearing and regretting his failure to attend. The statement, *inter alia,* asked that respondent be given the opportunity to "straighten out my problems." We place little credence in respondent's belated promise that he will answer the complaints and reimburse his former clients.

We have reviewed the lengthy record herein and conclude that the findings of the Committee set forth in its third Presentment, are supported by clear and convincing proof. The sole question is that of appropriate discipline. Respondent was admitted to the bar in 1949. On December 21, 1965 he was suspended from the practice of law on disciplinary grounds. 45 *N. J.* 605 (1966). He was reinstated by Order dated July 1, 1966, 47 *N. J.* 604 (1966). As a result of his accepting fees while under his present suspension, three claims totaling $800 were filed with the Clients' Security Fund and have been approved for payment. A fourth claim, similar in type, is in the process of being filed.

The picture is a sorry one. The findings set forth in the third Presentment establish a pattern of willful neglect, fraud and misconduct that cannot be allowed to continue. This pattern parallels the larger skein of ethical violations and misconduct which seems to run throughout much of re-

spondent's legal career. Disbarment is mandated. Respondent's name will be stricken from the Roll.

*For disbarment*—Chief Justice HUGHES, Justices MOUNTAIN, SULLIVAN, PASHMAN, CLIFFORD and SCHREIBER and Judge CONFORD—7.

*Opposed*—None.

## ORDER

It is ordered that John J. Egan of Newark be disbarred and that his name be stricken from the roll of attorneys of this State, effective immediately; and it is further

Ordered that John J. Egan be and hereby is permanently restrained and enjoined from practicing law.